UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMIE LYNN MARTINEZ,

        Plaintiff,

  v.

MONO COUNTY; MONO COUNTY
HEALTH AND HUMAN SERVICES;
EASTERN SIERRA PASSAGES LODGE;
THOMAS WALLACE; RICHARD
JOHNSON; PHILLIP RICH; SAMUEL
MATA; KIMBERLY NELSON; DOUGLAS
BAIN; and Does 1 to 30,

        Defendants.

NO. CIV. S-04-0718 WBS JFM

MEMORANDUM AND ORDER

----oo0oo----

        Plaintiff brought this action alleging a deprivation of her constitutional rights in violation of 42 U.S.C. § 1983 and various state law causes of action based on a nonconsensual sexual encounter.  Defendants move for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff filed no opposition to the motion, nor has plaintiff filed any motion for a continuance, and plaintiff's counsel has failed to provide the court with a plausible excuse for his failure to

1

respond.[1]

I.  Factual and Procedural Background

On or about March 28, 2004, plaintiff Jamie Martinez presented herself for treatment of alcohol and drug addiction to defendant Eastern Sierra Passages Lodge ("ESPL").  (Compl. ¶ 14.) ESPL is licensed by defendants Mono County and Wallace and operated by defendants Mono County Health and Human Services, Wallace, Rich, Mata, Nelson, and Bain.  (Id.)  Johnson was the Public Health Officer for Mono County from July 2, 2002 to April 8, 2005.  (Johnson Decl. ¶ 3.)  Wallace ran ESPL throughout its existence; Mata, Nelson, and Bain were, at various times, counselors at ESPL in his employ.[2]  (Id. ¶ 3.)

Plaintiff had ceased using alcohol and methamphetamine a week before she enrolled in ESPL's treatment program.  (Defs.' Mot. for Sum. Judg. Ex. B (Martinez Dep.) at 27-28.)  A few weeks after her arrival at ESPL, plaintiff alleges in her complaint that Mata "unlawfully made sexual contact with her" and raped her on or about April 20, 2003.

---

[1] "Although a district court may not grant summary judgment simply because the nonmoving party does not file an opposition, a district court may grant summary judgment when the moving papers are sufficient on their face and show that no genuine issues of material fact exist."  Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

[2] Rich has not joined in the motion currently before the court.  Rich was an on-site manager of the ESPL program until shortly before his death in 2004.  (Defs.' Mot. for Summ. Judg. 2 (citing Wallace Decl. ¶ 8).)  In light of his death, the court ruled that no answer on Rich's behalf would be due until 20 days following notice of entry of an order allowing amendment of the complaint to substitute a representative as a defendant.  (Dec. 12, 2004 Order 2.)  To date, plaintiff's counsel has not filed a motion to amend the complaint.

On April 9, 2004, plaintiff filed a claim against defendants alleging federal and state claims.  Plaintiff amended her complaint twice.  In her second amended complaint, filed on August 2, 2004, plaintiff alleges the following nine claims: (1) violation of 42 U.S.C. § 1983; (2) assault and battery; (3) invasion of privacy by public disclosure of private facts; (4) negligent hiring; (5) libel; (6) libel per se; (7) libel on its face by imputation of immoral conduct; (8) intentional infliction of emotional distress per se; and (9) intentional infliction of emotional distress.

## II.  Discussion

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Any inferences drawn from the underlying facts must, however, be viewed in the light most favorable to the party opposing the

1 motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
2 475 U.S. 574, 587 (1986).  In addition, the court must not engage
3 in credibility determinations or weigh the evidence, for these
4 are jury functions.  Anderson, 477 U.S. at 255.

        A.   Federal Claim under 42 U.S.C. § 1983

6         Plaintiff alleges that defendants deprived her of her
7 civil rights in violation of 42 U.S.C. § 1983.  The primary
8 deprivation alleged is that Mata, acting under color of his
9 authority as a counselor (see compl. ¶ 3), unlawfully engaged in
10 sexual contact with plaintiff.  Several circuits, including the
11 Ninth, have held that "a claim that a state actor coerced a
12 citizen into having non-consensual sex could rise to the level of
13 a due process violation."  Rogers v. City of Little Rock, 152
14 F.3d 790, 793, 797 (8th Cir. 1998) (emphasis added) (upholding a
15 district court's finding that a police officer had engaged in
16 nonconsensual sex with the plaintiff and was therefore subject to
17 liability under § 1983); see also Wudtke v. Davel, 128 F.3d 1057,
18 1059, 1063 (7th Cir. 1997) (finding a claim that a school
19 superintendent coerced a teacher working under his supervision to
20 engage in a sexual act was cognizable as a violation of the
21 teacher's due process rights under § 1983); Dang Vang v. Vang
22 Xiong X. Toyed, 944 F.2d 476, 479-80 (9th Cir. 1991) (upholding a
23 district court verdict finding liability under § 1983 when
24 defendant employee of State Employment Office relied on the
25 pretext of helping immigrant women find employment opportunities
26 in order to rape them).

27     The burden to show every element of an alleged
28 violation of civil rights under § 1983 is on the plaintiff.

Lyons v. Williams, 91 F.3d 1308, 1311 (9th Cir. 1996) ("[W]here [an] alleged rape was the centerpiece of a claimed violation of civil rights, it was the burden of the plaintiff to prove every element of the alleged violation.")  More specifically, in a case involving an allegation of rape, "[w]hat the plaintiff has to show is intercourse against her will or without her consent.  The burden is hers."  Id. at 1311.

        The encounter described by plaintiff does not rise to the level of a constitutional violation because the uncontroverted evidence indicates that it was consensual.  By plaintiff's own testimony, plaintiff and Mata, a drug and alcohol counselor, began a physical relationship involving flirting, kissing, and touching.  (Defs.' Mot. Summ. Judg. Ex. B at 39-41.)  At one point, Mata told plaintiff he was sexually attracted to her, and she responded that she was attracted to him as well.  (Id. at 40.)  While on a trip to see lava tubes on April 26, 2003, Mata kissed plaintiff and asked her to meet him  ESPL's main office later that night.  (Id. at 39, 41-42, 46, 49.)  Plaintiff has admitted that she knew that Mata's request was motivated by his desire to engage in sexual activity, and she agreed to meet him because she also wanted to "do something sexual."  (Id. at 42.)  Plaintiff met Mata at the office at 11 o'clock that evening, and they engaged in sexual intercourse.  (Id. at 49-51.)  Plaintiff conceded that the intercourse was what she wanted to happen.  (Id.)  She has also stated that there was not anything the two of them did that she did not want to do at the time.  (Id. at 126.)

        In her complaint, plaintiff claims that she was not in

5

an emotional or psychological "frame of mind" to be able to consent to intercourse. (Compl. ¶ 6.) However, plaintiff admitted in her deposition that she quit using methamphetamine before she entered the program (Defs.' Mot. for Summ. Judg. Ex. B at 58), she was not having delusions or hallucinations at the time she was in rehabilitation (id. at 59), and she had quit using alcohol a few weeks prior to the incident (id. at 60). Thus, the undisputed facts show no basis for plaintiff's claim that she was unable to consent other than her allegation to that effect. Plaintiff cannot simply fall back on the pleadings to survive this motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).

Thus, because plaintiff testified that the encounter was consensual, and because she failed to identify other impairments to her ability to consent, this court cannot find that a due process violation occurred. See Rogers, 152 F.3d at 797 (noting that the court would find for defendant if he could show that consensual sex, and not rape, had taken place); Hawkins v. Holloway, 316 F.3d 777, 785 (8th Cir. 2003) (explaining that § 1983 does not provide a remedy for every sexual encounter). Therefore, defendants have negated an essential element of plaintiff's case, Celotex, 477 U.S. at 322-23, and there is no genuine issue of material fact that a constitutional deprivation occurred under § 1983.[3]

---

[3] In addition, to the extent that plaintiff bases her § 1983 claim on rights that are grounded in the Eighth Amendment or in state law, she has not stated a cognizable claim. See Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977) (holding that the Eighth Amendment applies only to criminal punishments imposed

6

Moreover, even if plaintiff had established that the sexual encounter was nonconsensual, the fact remains that it did not take place under color of law. "It is clear that acting under 'color' of law means under 'pretense' of law." <u>Screws v. United States</u>, 325 U.S. 91, 111 (1945). A person acts under the pretense of law "when he abuses the position given to him by the state." <u>Dang Vang v. Vang Xiong X. Toyed</u>, 944 F.2d 476, 479 (quoting <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988)). More particularly, to come under color of state law, acts "must be performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties." <u>McDade v. West</u>, 223 F.3d 1135, 1140 (9th Cir. 2000).

Plaintiff has alleged that Mata was a county employee acting under color of his authority at the time he allegedly sexually assaulted her. (<u>See</u> Compl. ¶¶ 3, 6, 15.) Plaintiff knew that sex between clients and staff members was a violation of house rules, and did not tell anyone that she was going to meet Mata after hours because she thought that "someone would get mad," and she "knew it was wrong." (<u>Id.</u> at 43, 46-47.) Thus, plaintiff's description of the encounter does not indicate that it occurred under color of state law – plaintiff voluntarily met Mata in an office after hours, knowing that what they were doing was proscribed by the rules of the program, and Mata was clearly not acting under his authority as a counselor or pretending to do

---

pursuant to "a formal adjudication of guilt"); <u>Wood v. Ostrander</u>, 879 F.2d 583 (9th Cir. 1989) (holding that, to sustain an action under § 1983, a plaintiff must show she was deprived of a federal constitutional or statutory right).

7

so in order to influence plaintiff to meet him.  Therefore, the encounter between plaintiff and Mata did not occur under color of law.

Given the evidence before the court, there are no genuine issues of material fact as to whether plaintiff experienced a constitutional deprivation under § 1983 and whether this alleged deprivation occurred under color of state law. Summary judgment on plaintiff's sole federal claim is therefore warranted as to all defendants.[4]

B. <u>Remaining State Law Claims</u>

A district court may sua sponte determine whether to exercise supplemental jurisdiction over state law claims. <u>Ballard v. Equifax Check Servs., Inc.</u>, 186 F.R.D. 589, 599 (E.D. Cal. 1999); <u>see also</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

Section 1367(c)(3) allows a district court to decline to exercise supplemental jurisdiction over a state law claim if

---

[4] Because the facts before the court indicate that plaintiff has not experienced a constitutional deprivation, the municipal defendants (Mono County, Mono County Health and Human Services, and ESPL) cannot be subject to liability under § 1983 for a deprivation of plaintiff's constitutional rights caused by a municipal policy. <u>See</u> <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658, 692 (1978) (concluding that municipal liability is based upon the government causing an employee to violate another's constitutional rights under color of an official policy) (citation omitted).  Therefore, the court concludes that summary judgment should be granted in favor of the municipal defendants as well.
   The municipal defendants, Mono County, Mono County Health and Human Services, and ESPL, also have not been shown to have effected a constitutional deprivation under § 1983.

1  "the district court has dismissed all claims over which it has
2  original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).  In this
3  case, the only federal law claim over which the court had
4  original jurisdiction was the § 1983 claim.  Consequently,
5  pursuant to 28 U.S.C. § 1367(c)(3), the court declines to
6  exercise supplemental jurisdiction over plaintiff's remaining
7  state law claims.
8        IT IS THEREFORE ORDERED that defendants' motion for
9  summary judgment as to the first cause of action under 42 U.S.C.
10 § 1983, be and the same hereby is, GRANTED.  It is FURTHER
11 ORDERED that plaintiff's remaining state law claims be, and the
12 same hereby are, DISMISSED WITHOUT PREJUDICE pursuant to 28
13 U.S.C. § 1367(c)(3).
14 DATED:  January 25, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE